Theron D. Morrison, Esq. (10331 UT)
theron@morrisonmurff.com
MORRISON + MURFF
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **JEANINE LEWIS,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC AND KNIGHT ADJUSTMENT BUREAU,**<br><br>Defendant. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.**<br><br>**Case No.:** 2:18-cv-00727-DBP<br><br>**Judge:**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. JEANINE LEWIS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and KNIGHT ADJUSTMENT BUREAU ("KAB") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Salt Lake, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs,

2

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Salt Lake, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Salt Lake, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant Equifax is a limited liability company doing business in the State of Utah.

12. Defendant KAB is a collection agency doing business in the State of Utah.

13. Defendant KAB is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

14. Defendant Equifax is a national credit reporting agency, doing business in Utah, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of Utah.

16. At all times relevant, Defendants conducted business in the State of Utah.

17. On or about August 23, 2017, Plaintiff filed for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 17-27338 (the "Bankruptcy").

18. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

19. On or about November 29, 2017, Plaintiff received a Bankruptcy discharge.

20. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

21. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

22. KAB was listed in the schedule of creditors sent when the Bankruptcy was discharged.

23. Accordingly, the Debt to KAB was discharged through the Bankruptcy.

24. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

25. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

26. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

27. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## KAB Misreported Credit Information

28. In an Equifax credit report dated March 11, 2018, KAB reported the following inaccurate, derogatory information:

   - Account # 1247576: Collection Reported 02/2018; Balance as of 02/2018 - $2,772.

29. KAB should not have reported derogatory information on Plaintiff's accounts after August 23, 2017, because Plaintiff filed for Bankruptcy on August 23, 2017.

30. KAB especially should not have reported derogatory information on Plaintiff's accounts after November 29, 2017 because the KAB account was discharged in Plaintiff's chapter 7 bankruptcy.

31. On or about May 9, 2018, Plaintiff disputed KAB's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by KAB.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

   · This account was included in my bankruptcy which was filed on 8/23/2017 and discharged on 11/29/2017, bearing case number 17-27338 in the District for Utah.
   · You are reporting a balance of $2,772 as of 02/2018 when this account was discharged in my bankruptcy.

33. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with a status of "included in bankruptcy" and a balance of $0.
- If you do not immediately delete this from my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

34. Upon information and belief, Equifax timely notified KAB of Plaintiff's dispute, but KAB continued reporting derogatory information.
35. KAB and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
36. On or about May 19, 2018, Plaintiff received notification from Equifax that KAB and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).
37. Surprisingly, rather than updating Plaintiff's account to show a $0 balance, KAB and Equifax verified that the current Balance Amount of $2,772 with a Balance date of 04/2018.
38. The balance of the KAB account should indicate the balance is $0.
39. The balance amount Status reporting as "$2,772" in April 2018 is blatantly inaccurate because the debt was discharged in bankruptcy on November 29, 2017 and the account no longer has a balance.
40. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and again for the high balance preventing her from getting her fresh start from the bankruptcy.
41. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant KAB responding and verifying the incorrect information to the credit reporting agencies,

6

Defendant KAB failed to check Plaintiff's bankruptcy filings to ensure the account was included in bankruptcy to aid Defendant in reporting the correct status of her account.

42. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Equifax responding and verifying the incorrect information to Plaintiff, Defendant Equifax failed to check Plaintiff's bankruptcy filings to ensure the account was included in bankruptcy to aid in reporting the correct status of Plaintiff's account.

43. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant KAB responding and verifying the incorrect information to the credit reporting agencies, Defendant KAB failed to communicate with Equifax to aid in reporting the correct status of Plaintiff's account.

44. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Equifax responding and verifying the incorrect information to Plaintiff, Equifax failed to communicate with KAB to aid in reporting the correct status of Plaintiff's account

45. Defendants KAB and Equifax further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's account.

46. Therefore, KAB and Equifax upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

47. KAB and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

48. Due to KAB and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-

7

2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

49. Plaintiff's continued efforts to correct KAB and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with KAB and Equifax were futile.

50. KAB and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

51. KAB and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

52. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, KAB and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

55. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

56. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

///
///
///
///
///
///
///
///

## TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 14, 2018                                 Respectfully submitted,

                                                          BY: /s/ RYAN MCBRIDE_____
                                                          RYAN MCBRIDE, ESQ.
                                                          ATTORNEY FOR PLAINTIFF